# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ruth Hoover, Trustee for the Heirs and Next-of-Kin of Richard M. Hoover, Decedent, | Case No. 19-cv-1428 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

Blake Shepard, Jr. and John M. Dornik, Siegel Brill, PA, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401 (for Plaintiff); and

Friedrich A. P. Siekert, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Petition for Approval of Distribution of Wrongful Death Settlement Proceeds. (ECF No. 23). For the reasons set forth below, the Court will grant the Petition.

## I.    BACKGROUND

This action arises under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b)(1). Plaintiff has filed suit asserting that Decedent Richard Hoover's death was caused by the medical negligence or wrongful act or omission of Defendant's employees. (ECF No. 11). The parties settled the case on May 20, 2020. Plaintiff now seeks the Court's approval for distribution of the settlement proceeds.

## II. DISCUSSION

The FTCA permits "persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc) (citing *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 304 (1992)). As a result, federal courts may hear claims for "death caused by the negligent or wrongful act or omission" of federal employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In this case, "the law of the place where the act or omission occurred" is Minnesota Statutes Section 573.02. The distribution of proceeds under Section 573.02 is governed by Minnesota Rule of General Practice 144.05, which states as follows:

> Application for the distribution of money recovered under Minnesota Statutes, section 573.02, shall be by verified petition of the trustee. Such petition shall show the amount which has been received upon action or settlement; a detailed statement of disbursements paid or incurred, if any; the amount, if any, claimed for services of the trustee and of the trustee's lawyer; the amount of the funeral expenses and of demands for the support of the decedent; the name, age and address of the surviving spouse and each next of kin required to be listed in the petition for appointment of trustee and all other next of kin who have notified the trustee in writing of a claim for pecuniary loss, and the share to which each is entitled.
>
> If an action was commenced, such petition shall be heard by the court in which the action was tried, or in the case of a settlement, by the court in which the action was pending at the time of settlement. If an action was not commenced, the petition shall be heard by the court in which the trustee was appointed. The court hearing the petition shall approve,

>modify, or disapprove the proposed disposition and shall specify the persons to whom the proceeds are to be paid.
>
>The petition for distribution will be heard upon notice, given in form and manner and upon such persons as may be determined by the court, unless waived by all next of kin listed in the petition for distribution or unless the court determines that such notice is not required. The court by order, or by decree of distribution, will direct distribution of the money to the persons entitled thereto by law. Upon the filing of a receipt from each distributee for the amount assigned to that distributee, the trustee shall be discharged.

In this case, the Petition properly shows the amount of the settlement, contains a statement of disbursements paid or incurred, and sets forth the attorney's fees. There is no indication that funeral expenses remain unpaid and the Petition identifies the name, age, and address of each next of kin. Plaintiff also submitted a waiver of notice of hearing and consent for approval of distribution from the only other heir and next of kin. There are no objections to the Petition. The Court will therefore approve the Petition and proposed distribution.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Petition for Approval of Distribution of Wrongful Death Settlement Proceeds (ECF No. 23) is **GRANTED**.

2. The distribution of funds described in the Petition filed herewith is approved, and Petitioner is authorized and directed to execute all Releases and other settlement documents necessary to effectuate this settlement.

3. From the monies payable at the time of settlement, Petitioner is authorized and directed to make the following payments:

    a. To Siegel Brill, P.A., the sum of One Hundred Seven Thousand Seven Hundred Seventy-Two and 57/100ths Dollars ($107,772.57) for reimbursement of attorneys' fees and costs expended; and

    b. To Ruth Hoover, the sum of Two Hundred Ninety-Two Thousand Two Hundred Twenty-Seven and 43/100ths Dollars ($292,227.43).

4. The distribution is in all other respects approved.

Date: June 9, 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hoover v. United States of America*
Case No. 19-cv-1428 (NEB/TNL)